On Return to Remand
On October 20, 1995, this court remanded this cause with instructions that the trial court determine whether Ronald Calvin McHarris's sentence had been improperly enhanced by a conviction pursuant to a plea of nolo contendere, and if it finds that such a conviction has been used for enhancement purposes, to resentence McHarris without using that conviction for enhancement purposes.
The trial court has replied to this court that one of the convictions used to enhance McHarris's sentence was a plea of nolo contendere. However, the trial court did not resentence McHarris. Rather it urges this court to overturn authority stating that "prior felony convictions based on pleas of nolo contendere cannot be used in Alabama to enhance a sentence for purposes of applying the Habitual Felony Offender Act."Averett v. State, 640 So.2d 2 (Ala.Crim.App. 1994).
In Ex parte Jenkins, 586 So.2d 176 (Ala. 1991), the Alabama Supreme Court stated that "Alabama law prohibits the introduction of evidence of previous convictions based on pleas of nolo contendere for enhancement purposes." This court is bound by the decisions of the Alabama Supreme Court. Therefore, we must again remand this case to the trial court with instructions that McHarris be resentenced without the use of the conviction based on a plea of nolo contendere.
A return to remand shall be filed with this court within 70 days.
REMANDED WITH INSTRUCTIONS.*
All the Judges concur.
* Note from the Reporter of Decisions: On May 10, 1996, on return to remand, the Court of Criminal Appeals affirmed, without opinion.