The appellant, Ivan Coleman Reed, was convicted after pleading guilty to burglary in the third degree. Because he had one prior felony conviction, he was sentenced under the Habitual Felony Offender Act ("HFOA") to serve five years in prison.
The appellant's appointed counsel on appeal filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493 (1967), presenting one possible issue for review. Appellate counsel concludes that the only possible error in the appellant's trial was that the trial court abused its discretion in denying probation to the appellant, who is 70 years old, because he is in poor health, both mentally and physically. Appellate counsel argues that exhibits submitted to the trial court reflect that the appellant has physiological health problems but that the appellant was not given a mental evaluation. Appellate counsel conceded in his brief to this court that the record does not support a finding that the trial court's denial of probation was an abuse of discretion. " 'The original granting or denial of probation is entirely within the discretion of the trial court and is not reviewable upon appeal from judgment of conviction.' " Rheuark v. State,625 So.2d 1206, 1206 (Ala.Cr.App. 1993) (quoting Roden v. State,384 So.2d 1248, 1249 (Ala.Cr.App. 1980)).
On July 25, 1996, this court issued an order requiring the appellant to submit the *Page 464 
points or issues he considered arguable on appeal. He submitted the following issues:
 1) Whether the trial court should have granted his motion to withdraw his guilty plea because the motion was made only one week after he entered the guilty plea.
 2) Whether the State failed to properly prove the appellant's prior conviction, for purposes of applying the HFOA. The appellant argues that the State did not offer a certified document to verify that he had a prior conviction that could be used to enhance his sentence. The appellant stated at his sentencing that "he did not have a lawyer for any of these charges. Therefore, they would be uncounseled pleas or convictions" and could not be used for enhancement purposes. R. 19. The appellant also contends that nolo contendere pleas were used to enhance his sentence.
 3) Whether the State agreed as part of the plea agreement not to contest a sentence of probation. According to the appellant the State used remote prior convictions and nolo contendere pleas to prevent his being placed on probation.
Issues 1 and 3 are without merit. " 'The court shall allow withdrawal of a plea of guilty when necessary to correct a manifest injustice.' Whether a defendant should be allowed to withdraw a plea of guilty is a matter solely within the discretion of the trial court, whose decision will not be disturbed on appeal absent a showing of abuse of that discretion." Alford v. State, 651 So.2d 1109, 1112 (Ala.Cr.App. 1994). We see no abuse of discretion on the part of the trial court in denying the appellant's motion to withdraw his guilty plea. The record on appeal does not reflect that the State opposed probation. Regardless, the original granting of probation is within the discretion of the trial court. Rheuark, supra.
The appellant's issue regarding the application of the HFOA has merit. The plea bargain agreement contemplated that the appellant's sentence was contingent upon the number of prior felony convictions the State proved at the sentence hearing. The State agreed that if it proved one prior felony conviction the State would recommend a sentence of five years; if it proved two prior felony convictions, the State would recommend a sentence of 10 years; and if it proved three prior felony convictions, the State would recommend 15 years. At the sentence hearing the State told the trial court that the appellant had one prior conviction for habitual felony offender purposes. R. 18. The State did not offer a certified copy of the prior conviction into evidence and no document reflecting a prior conviction is in the record on appeal. Appellant's trial counsel stated, "They are able to prove one prior felony conviction. So that would make it a five-year sentence. Essentially what we are doing here today is applying for probation." R. 17. Apparently the appellant interrupted and spoke with trial counsel, after which trial counsel asserted that the appellant contended that "he did not have a lawyer for any of these [prior] charges. Therefore, they would be uncounseled pleas or convictions." R. 19. "[A]n uncounseled prior conviction cannot be used to enhance punishment. . . . [I]t must be shown that the accused was represented by counsel, or waived his right to counsel, at the time of his prior conviction, or the conviction is not available for consideration under the Habitual Felony Offender Act."Jackson v. State, 502 So.2d 858 (Ala.Cr.App. 1986). The trial court reviewed the sentencing report provided by the Alabama Board of Pardons and Paroles and noted that the appellant had 62 prior arrests. C.R. 23, R. 17. The trial court found that the appellant had one valid prior conviction and sentenced the appellant to five years in prison.
At the hearing on the appellant's motion to reconsider the denial of probation, the appellant's prior felony convictions were discussed. The prosecutor asserted, "I don't know what was available at the time of the sentencing hearing, but I currently have in my possession certified copies of at least . . . three felony convictions. I'm looking at the fourth now for the defendant." Supp. R. 7 and 8. The State then referred to four 1985 convictions and one 1955 conviction.[1] The *Page 465 
appellant asserted that the 1985 convictions were based on pleas of nolo contendere. "Alabama law prohibits the introduction of evidence of previous convictions based on pleas of nolo contendere for enhancement purposes." McHarris v.State, 678 So.2d 259, on return to remand, 678 So.2d 259
(Ala.Cr.App 1996). The State mentioned that the 1955 conviction was for breaking and entering a motor vehicle. The trial court at this point denied the motion for a new trial. The State did not offer the prior convictions into evidence and they are not in the record or the supplemental record.
 "In order to invoke the HFOA, 'the burden of proof [is] on the state to show that the defendant has been convicted of a previous felony or felonies.' Rule 26.6(b)(3)(iii), Ala.R.Crim.P. 'If the state fails to meet its burden of proof to establish one or more prior felony convictions, then the defendant shall not be sentenced as an habitual offender.' Rule 26.6(b)(3)(iii), Ala.R.Crim.P.
 "In order to prove a prior felony conviction, the state must present a certified copy of the conviction to the trial court at the sentencing hearing. Allen v. State, 611 So.2d 1152, 1155-56
(Ala.Cr.App. 1992). 'A "certified copy" of a public record is one that is signed and certified as a true copy by the officer who has lawful custody of the original.' C. Gamble, McElroy's Alabama Evidence, § 218.01 (4th ed. 1991)."
Shumate v. State, 676 So.2d 1345, 1347 (Ala.Cr.App. 1995). The record does not reflect that the State established that the appellant had a prior conviction that would be used for enhancement purposes. We are aware that "a defendant's prior convictions may be proved by his admissions to those prior convictions at trial," Hayes v. State, 647 So.2d 11, 13
(Ala.Cr.App. 1994), and that trial counsel admitted to one prior conviction. However, in this case, the appellant asserted at trial, as he does on appeal, that he was not represented by counsel on the prior convictions, and that they were based on nolo contendere pleas.
The discussions concerning the appellant's prior felonies are unclear. No one conviction is conclusively designated as the conviction relied upon by the State for seeking enhancement of the appellant's sentence and no prior conviction is shown on the record to be valid for enhancement purposes. The record on appeal does not establish that the State proved the appellant had a valid prior conviction for use in enhancing his sentence under the HFOA.
This case is remanded with directions to the trial court to hold a hearing at which the State shall produce and submit to the court proper evidence of one prior felony conviction. Otherwise the trial court shall resentence the appellant without application of the HFOA. In order to prevent the filing of a post-conviction petition the State should also provide the appellant with prior notice of the felony conviction it intends to rely on at resentencing even though the appellant waived lack of notice by not challenging it at trial. A return to remand shall be filed with this court within 63 days of the date of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court.
AFFIRMED AS TO CONVICTION; REMANDED WITH INSTRUCTIONS AS TO SENTENCING.*
All the Judges concur.
[1] In the quoted statement from the prosecutor, we assume he was referring only to the 1985 convictions.
* Note from the Reporter of Decisions: On January 17, 1997, on return to remand, the Court of Criminal Appeals affirmed, without opinion.
 *Page 331