BASCHAB, Judge.
The appellant, Phillip Benford Terry, was convicted of trafficking in cannabis, § 13A-12-231, Code of Alabama 1975. Pursuant to the Habitual Felony Offender Act, § 13A-5- *264 9, Code of Alabama 1975, he was sentenced to life imprisonment without the possibility of parole.
At the close of the State’s evidence, the appellant moved for a judgment of acquittal, claiming that the State failed to prove a prima face case of trafficking in cannabis. The trial court denied the motion. After sentencing, the appellant made an oral motion for a new trial; that motion was denied as well. This appeal followed.
Martha Odom, the forensic toxicologist, tested the material seized from the appellant and testified that the material was marijuana and that it weighed 52.5 pounds. She also testified that, although the material contained no stalks, it did contain seeds and that she could not of determine whether any of those seeds were sterilized. Ms. Odom never weighed the seeds and plant material separately, so she could not tell the exact weight of seeds and the exact weight of plant material. Ms. Odom did state that she could say that the seized material consisted of at least 2.2 pounds of marijuana, excluding stalks and seeds.
I.
First, the appellant argues that the State failed to prove a prima facie case of trafficking in cannabis because the State failed to prove that the contraband contained at least 2.2 pounds of marijuana excluding any sterilized seeds.[1] We disagree.
The appellant correctly states that it is the State’s burden to show that the seized material contained at least 2.2 pounds of cannabis, excluding stalks and unsterilized seeds. See Ex parte Presley, 587 So.2d 1022 (Ala.1991); Bohannon v. State, 564 So.2d 859 (Ala.Cr.App.1988). Ms. Odom, the forensic toxicologist, testified that the seized material weighed 52.5 pounds. She admitted that the material contained some seeds, but she also stated that there were no stalks in the material. Ms. Odom testified that the material contained at least 2.2 pounds of plant material, excluding seeds, and the appellant never objected to that testimony. In Friedman v. State, 654 So.2d 50 (Ala.Cr.App.1994), we held that the State met its burden when the expert witness testified that the total weight of seeds in the three bags did not exceed 1.3 pounds. In that case, like this case, the witness had weighed the seeds and the plant material together. There was no evidence in either case that the plant material contained any mature stalks.
The appellant makes much of the fact that, when Ms. Odom was asked, “Looking at this, can you tell whether or not forty-eight pounds of it was made of seeds?” she responded, “No, sir, I can’t.” (R. at 419). However, we do not find this persuasive. At most, this testimony shows that the witness was unable to state the exact allocation of weight as to seeds and plant material. Forty-eight pounds is not a pivotal number in this ease. The State would have met its burden had the mixture contained 50.3 pounds of seeds. Furthermore, Ms. Odom went on to say, “I really can say there is in excess of 2.2 pounds of vegetable material regardless of seeds, stalks, or stems.” (R. at 419-20).
Based on the foregoing, we hold that the State presented sufficient evidence to prove a prima facie case of trafficking in cannabis.
II.
Second, the appellant argues that he was improperly sentenced to life imprisonment without the possibility of parole under the Habitual Felony Offender Act. According to the appellant, the trial court improperly used six uncounseled convictions when sentencing him pursuant to the Habitual Felony Offender Act. We agree.
The State concedes that nothing in the record shows that the appellant was represented by counsel in six of the seven prior convictions the trial court used to enhance his conviction. Furthermore, the State concedes that it has the burden of showing that the accused was represented by counsel in *265 the prior proceedings. However, the State urges this court to change our prior holdings that uncounseled felony convictions may not be used to enhance a sentence under the Habitual Felony Offender Act in light of the United States Supreme Court’s holding in Nichols v. United States, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). According to the State, the United States Supreme Court has changed its position on the use of prior uncounseled convictions when no term of imprisonment is imposed. The State argues that we should adopt this holding in the present case because the appellant received no prison sentences, but rather was placed on probation in all of his previous convictions.
In Nichols v. United States, the United States Supreme Court overruled Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), which held that an un-counseled misdemeanor conviction could not be used for sentence enhancement purposes. In Nichols, the United Supreme Court held that “an uneounseled conviction valid under Scott [v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979),] may be relied upon to enhance the sentence for a subsequent offense, even though that sentence entails imprisonment.” Nichols, 511 U.S. at 746-47, 114 S.Ct. at 1927. However, the Supreme Court’s language limits its holding to those convictions that are valid under Scott. In Scott, the United States Supreme Court held that a defendant charged with a misdemean- or had no constitutional right to counsel in cases where no sentence of imprisonment was imposed. In footnote 9 of Nichols, the Supreme Court pointed out:
“In felony eases, in contrast to misdemean- or charges, the Constitution requires that an indigent defendant be offered appointed counsel unless that right is intelligently and competently waived. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). We have held that convictions gained in violation of Gideon cannot be used ‘either to support guilt or enhance punishment for another offense,’ Burgett v. Texas, 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319 (1967)....”
Nichols, 511 U.S. at 743 n. 9, 114 S.Ct. at 1926 n. 9. This language does not support the State’s contention that the United States Supreme Court has changed the standard for using a prior uncounseled felony conviction to enhance prison sentences. Rather, the Supreme Court seems to reaffirm its decision in Burgett that an uncounseled felony conviction may not be used to enhance punishment for a subsequent offense. Because “‘an uncoun-seled prior conviction cannot be used to enhance punishment’ ” unless it is shown that the accused waived the right to counsel, the trial court’s use of the six uncounseled felony convictions in applying the Habitual Felony Offender Act was improper. See Reed v. State, 691 So.2d 463, 464 (Ala.Cr.App.1996) (quoting Jackson v. State, 502 So.2d 858 (Ala.Cr.App.1986)).
Therefore, this case is remanded for the trial court to sentence the appellant in accordance with this opinion. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court.
Based on the foregoing, the appellant’s conviction is affirmed, his sentence reversed, and the case is remanded with directions.
AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH DIRECTIONS. *
All judges concur.

. The present definition of cannabis found in § 13A — 12—231(1), Code of Alabama 1975, includes sterilized cannabis seeds. However, the appellant was indicted in 1993. At that time, § 13A-12-231, Code of Alabama 1975, contained no definition of cannabis, and this court used the definition of marijuana found in § 20-2-2(15), which specifically excluded the sterilized cannabis seeds.

 Note from the reporter of decisions: On March 6, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On May 8, 1998, that court denied rehearing, without opinion. On July 17, 1998, the Supreme Court denied certiorari review, without opinion (1971491).