Daniel Dixon pleaded guilty to a charge of robbery in the first degree, a violation of § 13A-8-41, and to a charge of burglary in the first degree, a violation of § 13A-7-5. The circuit court entered judgments of conviction and, applying the Habitual Felony Offender Act, enhanced Dixon's sentences and sentenced him to two consecutive terms of life imprisonment. Dixon appealed to the Court of Criminal Appeals, making three arguments: (1) that the trial court incorrectly sentenced him pursuant to the Habitual Felony Offender Act; (2) that the trial court erred in accepting his guilty pleas because, he said, he did not enter those pleas knowingly and voluntarily; and (3) that the trial court incorrectly imposed upon him separate sentences for burglary and robbery because, he claimed, both charges arose from the same course of conduct. The Court of Criminal Appeals, on August 14, 1998, affirmed Dixon's convictions, by an unpublished memorandum. Dixon v. State (No. CR-96-2360), 741 So.2d 481 (Ala.Crim.App. 1998) (table). We granted Dixon's petition for certiorari review.
Dixon's petition raises only two issues: (1) whether the trial court incorrectly sentenced him under the Habitual Felony Offender Act, and (2) whether the trial court incorrectly imposed separate sentences for burglary and robbery; he again argues that those charges arose out of the same course of conduct.
 I.
Dixon first argues that the State failed to prove the prior felonies it sought to use to invoke the Habitual Felony Offender Act (HFOA); therefore, he argues, the enhancement of his sentences under the HFOA was improper. The State argues that Dixon did not properly preserve this issue for appeal because he did not object to the sentence enhancement at trial. However, after his sentencing, Dixon did timely move the trial court for a new trial, raising the issue of improper sentence enhancement under the HFOA.
The State argues that Dixon admitted the prior felony convictions and thereby relieved the State of its burden of proving the prior felony convictions through certified copies. In regard to sentence enhancement under the HFOA, the general rule is that "the burden of proof [is] on the state to show that the defendant has been convicted of a previous felony or felonies." Rule 26.6(b)(3)(iii), Ala.R.Crim.P.; *Page 1077 
see Shumate v. State, 676 So.2d 1345, 1347 (Ala.Crim.App. 1995). However, by admitting prior felony convictions, the defendant relieves the State of its burden of proof. See Burrell v. State, 429 So.2d 636,637 (Ala.Crim.App. 1982).
At the sentencing hearing, Dixon did admit that he had had two prior felony convictions. However, it is unclear whether he fully understood the nature of the felony requirement under the HFOA. At the sentencing hearing, the following colloquy took place.
 "THE COURT: Now, what the State is saying, they are not — they are saying that they know you have two prior felonies, but they are saying you may have more than that, but they are not going to raise or try to do anything today beyond the two prior felonies that they know for sure of. Do you understand that?
"THE DEFENDANT: (Nodding head in affirmative.)
 "THE COURT: Now, and do you understand that you have at least two prior felonies? That's what I am asking you.
 "Do you know that you have at least two prior felony convictions? They are not going to maintain that you have more than that if we go ahead and do sentencing today.
 "THE DEFENDANT: Well, if they can consider youthful offender.
 "THE COURT: Well, under the Habitual Offender Act, it makes a difference if you have more than three — I mean if you have more than two, you would be facing life without parole. But they are not maintaining that you have more than two. They don't have clear records that you have any more than two.
 "But, if you give them time, they might be able to find that you have more than two. And that would make a big difference in your sentencing. But today they are not maintaining that you have any more than two. So what I am asking you, in other words, if you know that you have at least two today and want to go ahead and be sentenced today just based on those two, then they won't have the opportunity later to come back with more than two. Do you understand that?
"THE DEFENDANT: (Nodding head in affirmative.)
"THE COURT: And that's why I am asking you.
"THE DEFENDANT: I know I have two.
 "THE COURT: And that's what I am asking you. Do you know that you have at least two, but not admitting that you have any more than two?
"THE DEFENDANT: I guess. Yeah."
The trial court never addressed Dixon's question concerning youthful-offender convictions. At the postsentencing hearing, in which Dixon challenged the use of his prior convictions under the HFOA, the State offered proof of only two prior felonies. One prior felony was a robbery, for which Dixon was sentenced as a youthful offender, and the other prior felony was a burglary, as to which Dixon had entered a plea of nolo contendere. Therefore, the State failed to prove Dixon had any prior convictions that could be used under the HFOA.
The record indicates that no one explained to Dixon that youthful-offender convictions are not considered prior convictions for purposes of sentence enhancement under the HFOA. See Ex parte Thomas,435 So.2d 1324, 1326 (Ala. 1982) ("We hold that a prior youthful offender adjudication is properly considered in determining the sentence to be imposed within the statutory range for a later crime for which the defendant has been *Page 1078 
convicted. That same youthful offender determination, however, may not be considered a prior felony conviction, as contemplated by the Habitual Offender Act. . . ."). Nor did anyone explain that a conviction based on a nolo contendere plea cannot be used for purposes of enhancing a sentence under the HFOA. See Ex parte Jenkins, 586 So.2d 176, 177 (Ala. 1991) ("Alabama law prohibits the introduction of evidence of previous convictions based on pleas of nolo contendere for enhancement purposes"); and see Reed v. State, 691 So.2d 463, 465 (Ala.Crim.App. 1996), and McHarris v. State, 678 So.2d 259, 260 (Ala.Crim.App. 1996) (opinion on return to remand). Without such explanations, the use of Dixon's admission of prior felonies to invoke the HFOA is invalid.
The State also argues that if this Court concludes that the State did not properly prove Dixon's two prior felony convictions, then, even so, Dixon is not entitled to relief, because each sentence prescribed falls within the range of punishment for a defendant convicted of one prior felony. However, as stated above, the State offered proof of only two prior felony convictions: a youthful-offender conviction and a conviction based on a plea of nolo contendere. Neither prior felony offered by the State can be validly used under the HFOA; therefore, the State's argument that each sentence falls within the prescribed range does not support a finding of harmless error. The State offered no evidence to support its contention that Dixon would have received the same sentences if the trial court had not considered that Dixon had two prior felonies for purposes of applying the HFOA. We cannot say, on the basis of the record, that the sentences would have been the same, or, in fact, that Dixon would have pleaded guilty, had the State not offered evidence of two prior convictions. The Court of Criminal Appeals improperly affirmed the two sentences.
 II.
Although Dixon's sentences must be reversed for the reasons discussed in Part I, we address Dixon's remaining issue to provide guidance to the trial court on resentencing.
Dixon argues that the circuit court incorrectly imposed separate sentences for burglary in the first degree and robbery in the first degree, because both charges, he says, arose out of the same conduct. The State argues that Dixon did not make this claim at trial or in his motion for a new trial and, therefore, that it has been waived. However, this Court stated in Ex parte McKelvey:
 "It is obvious under Rule 32 a petitioner is entitled to institute post-conviction proceedings in the trial court in which he was convicted and sentenced if that court `was without jurisdiction to render judgment or to impose sentence.' Therefore, if the petitioner is not barred from raising an issue regarding improper sentencing for the first time in a post-conviction petition, we can find no reason that he should not be allowed to raise the issue for the first time on appeal, even though it was not raised in the trial court."
630 So.2d 56, 57 (Ala. 1992).
The State further argues that the crimes of robbery in the first degree and burglary in the first degree are separate and distinct crimes that require separate punishments; Dixon argues that both crimes arose out of the same instance of conduct and are, therefore, punishable in only one manner. Under the principles of double jeopardy, "[t]he applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory *Page 1079 
provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299,304 (1932). Therefore, "`[a] single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.'" Id. (quoting Gavieres v. United States, 220 U.S. 338, 342
(1911), in turn quoting Morey v. Commonwealth, 108 Mass. 433 (1871)).
The statute defining "burglary in the first degree" reads:
 "(a) A person commits the crime of burglary in the first degree if he knowingly and unlawfully enters or remains unlawfully in a dwelling with intent to commit a crime therein, and, if, in effecting entry or while in dwelling [sic] or in immediate flight therefrom, he or another participant in the crime:
"(1) Is armed with explosives or a deadly weapon; or
 "(2) Causes physical injury to any person who is not a participant in the crime; or
 "(3) Uses or threatens the immediate use of a dangerous instrument."
Section 13A-7-5, Ala. Code 1975. In order to convict a defendant of the crime of "robbery in the first degree," the State must show that he or she violated § 13A-8-43 (the statute defining "robbery in the third degree") and
 "(1) [Was] armed with a deadly weapon or dangerous instrument; or
"(2) Cause[d] serious physical injury to another."
Section 13A-8-43, the third-degree-robbery statute, provides:
 "(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
 "(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
 "(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property."
Careful study of the statutes indicates that the charge of burglary in the first degree requires proof of one element that robbery in the first degree does not require, and that robbery in the first degree requires proof of one element that burglary in the first degree does not require. Burglary in the first degree requires proof that the defendant "knowingly and unlawfully enter[ed] or remain[ed] unlawfully in a dwelling." Robbery in the first degree does not require proof that the defendant unlawfully entered or remained in a dwelling. Robbery in the first degree requires that the defendant act in the course of committing a theft. Burglary in the first degree does not require that the defendant act during the commission of a theft. Therefore, under Blockburger, robbery in the first degree and burglary in the first degree are punishable as separate crimes, because each statute requires proof of an element that the other does not.
This Court has held that "where a defendant is charged with both burglary and theft (or larceny) arising from a transaction that is the foundation for both charges, the defendant may receive only one punishment." Ex parte McKelvey, supra, 630 So.2d at 57. In Dawson v.State, 675 So.2d 897, 902 (Ala.Crim.App. 1995), *Page 1080 
the Court of Criminal Appeals interpreted McKelvey as relying "on the fact that `[theft] and burglary are the same kindred of crimes.'" The Court of Criminal Appeals restricted the application of McKelvey, finding "it to be inapplicable to cases involving robbery and burglary, rape and burglary, or sodomy and burglary." Dawson, 675 So.2d at 902. In each individual case, the courts must analyze the statutes involved. In this case, we conclude, after carefully analyzing the statutes, that burglary in the first degree and robbery in the first degree are not so similar as to encompass one another. Therefore, it was not error to punish Dixon under both statutes. He may be properly convicted under both statutes and properly sentenced under both statutes.
 III.
Because Dixon's sentences were improperly enhanced under the Habitual Felony Offender Act, we reverse the judgment of the Court of Criminal Appeals to the extent it affirmed the two sentences. We remand this case for further proceedings consistent with this opinion.
REVERSED AS TO SENTENCES AND REMANDED.
HOOPER, C.J., and HOUSTON and JOHNSTONE, JJ., concur.
SEE, LYONS, and ENGLAND, JJ., concur in the result.
MADDOX, J., dissents.
BROWN, J.,* recuses herself.
* Justice Brown was a member of the Court of Criminal Appeals when that court considered this case.