SHAW, Judge
(concurring specially).
The appellant’s primary contention appears to be that he had insufficient notice of the State’s intention to rely on the Texas conviction for sentence-enhancement purposes and that that lack of notice prejudiced his ability to sufficiently challenge the applicability of that conviction. Of course, this Court today rejects the appellant’s argument that the Texas conviction was a misdemeanor conviction un *82 der Alabama law. However, because the lack of notice could have diminished the appellant’s ability to challenge the applicability of the Texas conviction on some other ground, e.g., that it was an uncounseled conviction, see Terry v. State, 719 So.2d 263 (Ala.Crim.App.1997), I cannot agree with the State’s argument in its brief to this Court that the error in failing to give proper notice was harmless,