Rel: December 16, 2022

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2022-2023

———————————————

## CR-21-0478

———————————————

## Devane Twon Reynolds

### v.

### State of Alabama

### Appeal from Houston Circuit Court
### (CC-09-318.62)

McCOOL, Judge.

Devane Twon Reynolds appeals the Houston Circuit Court's summary dismissal of his Rule 32, Ala. R. Crim. P., petition for postconviction relief, in which he challenged his November 2, 2010, guilty-plea convictions for first-degree robbery, see § 13A-8-41, Ala. Code

1975, first-degree theft of property, see § 13A-8-3, Ala. Code 1975, and second-degree assault, see § 13A-6-21, Ala. Code 1975, and his sentences of life imprisonment for each charge. Reynolds did not file a direct appeal from his convictions.

On December 14, 2021, Reynolds filed the instant petition, his third, in which he claimed: 1) that his guilty-pleas were involuntary; 2) that the circuit court did not have jurisdiction to render the judgment or impose the sentence in his cases because, he says, his convictions violate double-jeopardy principles in that his convictions for first-degree theft of property and second-degree assault were lesser-included offenses of the offense of first-degree robbery; 3) that his sentences were illegal because, he says, the court improperly used three prior juvenile adjudications from the state of Georgia to enhance his sentence under the Habitual Felony Offender Act ("the HFOA"); and 4) that he was denied the effective assistance of counsel during plea negotiations.

The State filed a motion to dismiss Reynolds's petition, alleging that the claims raised in his petition were meritless and precluded under Rule 32.2(a)(2) through (5); that his petition was precluded as successive

under Rule 32.2(b); and that his petition was time-barred under Rule 32.2(c).

The circuit court summarily dismissed Reynolds's petition on February 23, 2022. Reynolds timely filed a notice of appeal.

On appeal, Reynolds reasserts the claims raised in his petition and argues that the circuit court's summary dismissal of his petition was improper.

I.

To the extent that Reynolds raises claims that his guilty plea was involuntary or that his counsel was ineffective, these claims were properly dismissed as precluded. It is well settled "that claims of ineffective assistance of counsel and challenges to the voluntariness of a guilty plea may be presented for the first time in a timely filed Rule 32 petition." Murray v. State, 922 So. 2d 961, 965 (Ala. Crim. App. 2005) (emphasis added). However, neither a claim of ineffective assistance of counsel nor a challenge to the voluntariness of a guilty plea is jurisdictional. See Burnett v. State, 155 So. 3d 304, 307 (Ala. Crim. App. 2013)("A claim alleging ineffective assistance of counsel is not jurisdictional."); and Fincher v. State, 837 So. 2d 876, 878 (Ala. Crim.

3

App. 2002) ("Claims relating to the voluntariness of guilty pleas are not jurisdictional."). Accordingly, because these claims were raised in Reynolds's second Rule 32 petition, they were precluded under Rule 32.2(b). The claims were also time-barred under Rule 32.2(c) because Reynolds's petition was filed more than a decade after his convictions and sentences became final. Therefore, the circuit court's summary dismissal of Reynolds's involuntary guilty-plea claims and his ineffective-assistance-of-counsel claims was proper. See Rule 32.7(d), Ala. R. Crim. P. ("If the court determines that the petition … is precluded … and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition.").

## II.

Next, Reynolds reasserts his claims that his guilty plea was involuntary and that the circuit court did not have jurisdiction to render the judgment or impose the sentence in his cases because, he says, his convictions for first-degree theft of property and second-degree assault were lesser-included offenses of the offense of first-degree robbery and, thus, violate double-jeopardy principles. Specifically, Reynolds claimed in his petition that he was alleged to have "assaulted a single victim

4

during the course of committing the theft of a motor vehicle and [other belongings of] the alleged victim" during a single course of conduct, or, pursuant to one act or scheme." (C. 21.) Thus, he claimed, his "conviction for first-degree robbery [under] §13A-8-41(a)(1) encompass[ed] his convictions for theft of property and assault" because "the theft and assault in this particular fact situation formed the basis" for his robbery conviction. (C. 28.)

Initially, we note that this type of double-jeopardy claim has been recognized as a jurisdictional claim. See Ex parte Benefield, 932 So. 2d 92 (Ala. 2005)(finding that double-jeopardy claims involving simultaneous convictions for both a greater- and lesser-included offense are jurisdictional and cannot be waived). Additionally, we note that, although Reynolds raised this claim in a previous petition, this Court affirmed the circuit court's summary dismissal of his claim because the claim was insufficiently pleaded and, thus, his claim was not addressed on its merits in the previous petition or on appeal. See Reynolds v. State, 184 So. 3d 471 (Ala. Crim. App. 2014)(table).[1] Therefore, although

---

[1]This Court may take judicial notice of its own records on appeal. See Nettles v. State, 731 So. 2d 626, 629 (Ala. Crim. App. 1998), and Hull v. State, 607 So. 2d 369, 371 n.1 (Ala. Crim. App. 1992).

Reynolds did raise this jurisdictional claim in a previous petition, the claim is not precluded as successive because it was not adjudicated on the merits.

To the extent that Reynolds alleges that his conviction for second-degree assault was a lesser-included offense of first-degree robbery in his case, we disagree. In <u>Bradley v. State</u>, this Court explained:

"Bradley was charged with first-degree robbery under § 13A–8–41(a)(1)[, Ala. Code 1975,]—using or threatening the imminent use of force against the victim while armed with a deadly weapon or dangerous instrument—not under § 13A–8–41(a)(2)[, Ala. Code 1975,]—using or threatening the imminent use of force against the victim and causing serious physical injury to the victim. Second-degree assault under § 13A–6–21(a)(2)[, Ala. Code 1975,] requires proof of physical injury, whereas first-degree robbery under § 13A–8–41(a)(1) requires proof only of force, <u>see</u> § 13A–1–9(a)(1)[, Ala. Code 1975,]; thus, second-degree assault under § 13A–6–21(a)(2) actually requires greater injury than that required for first-degree robbery under § 13A–8–41(a)(1), not lesser injury, <u>see</u> § 13A–1–9(a)(4)[, Ala. Code 1975]. In addition, second-degree assault under § 13A–6–21(a)(2) does not 'consist[] of an attempt or solicitation to commit [first-degree robbery] or to commit a lesser included offense,' § 13A–1–9(a)(2)[, Ala. Code 1975,], nor is second-degree assault under § 13A–6–21(a)(2) 'specifically designated by statute as a lesser degree' of first-degree robbery under § 13A–8–41(a)(1). § 13A–1–9(a)(3)[, Ala. Code 1975,]. Thus, we hold that second-degree assault under § 13A–6–21(a)(2) is not a lesser-included offense of first-degree robbery under § 13A–8–41(a)(1)."

925 So. 2d 221, 224-25 (Ala. Crim. App. 2004). Reynolds conceded in his petition that he was charged with and convicted of first-degree robbery under § 13A-8-41(a)(1), Ala. Code 1975, and second-degree assault, under § 13A-6-21(a)(2), Ala. Code 1975. Therefore, in this particular case, Reynolds's claim that his conviction of second-degree assault and his conviction of first-degree robbery constituted a double-jeopardy violation was meritless.

Reynolds also reasserts on appeal his contention that, because first-degree theft of property is a lesser-included offense of first-degree robbery, his convictions for both first-degree theft of property and first-degree robbery violated double-jeopardy principles.

Section 13A-1-8(b), Ala. Code 1975, states, in pertinent part:

"When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for such offense. He may not, however, be convicted of more than one offense if … one offense is included in the other, as defined in Section 13A-1-9."

Section 13A-1-9, Ala. Code 1975, provides, in pertinent part:

"(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:

"(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged."

7

Additionally, this Court has explained that "[t]he test for determining whether two offenses are the same for double-jeopardy purposes was established in <u>Blockburger v. United States</u>, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932)." <u>Heard v. State</u>, 999 So. 2d 992, 1007 (Ala. 2007). "First, 'the threshold inquiry under <u>Blockburger</u> is whether the alleged statutory violations arise from "the same act or transaction."'" <u>Williams v. State</u>, 104 So. 3d 254, 256 (Ala. Crim. App. 2012) (quoting <u>State v. Watkins</u>, 362 S. W. 3d 530, 545 (Tenn. 2012)). "Second, if the offenses did arise from the same act or transaction, then it must be determined whether each offense requires proof of an additional fact which the other does not, i.e., whether the two offenses are the 'same' for double-jeopardy purposes." <u>Williams</u>, 104 So. 3d at 257.

Section 13A-8-41(a)(1) provides that "[a] person commits robbery in the first degree if he violates Section 13A-8-43[, Ala. Code 1975,] and he … is armed with a deadly weapon or dangerous instrument." Section 13A-8-43, Ala. Code 1975, states that a person commits third-degree robbery if, "in the course of committing a theft," he either "uses force against the person or owner or any person present with intent to overcome his physical resistance or physical power of resistance," or if he

8

"threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property."

"A person commits the crime of theft of property if he or she … [k]nowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his or her property." § 13A-8-2, Ala. Code 1975. Section 13A-8-3(b), Ala. Code 1975, provides that "the theft of a motor vehicle, regardless of its value, constitutes theft-of-property in the first degree."

The record in the instant case does not contain the indictments against Reynolds or a copy of the plea agreement. However, in his petition, Reynolds alleged that he was indicted under § 13A-8-41(a)(1) and § 13A-8-3, and he claimed that the theft of the motor vehicle giving rise to his first-degree-theft-of-property conviction was also the underlying theft giving rise to his first-degree-robbery conviction. This Court has recognized that, in cases where the theft that forms the basis of a theft conviction is the same theft underlying a defendant's robbery conviction, a conviction for both crimes violates the Double Jeopardy Clause of the Fifth Amendment. See Gholston v. State, 57 So. 3d 178 (Ala.

9

Crim. App. 2010)(holding that convictions for first-degree theft of property and first-degree robbery based on the theft of the same motor vehicle constituted a double-jeopardy violation). See also Crayton v. State, 949 So. 2d 946, 978 (Ala. Crim. App. 2006). Therefore, Reynolds's claim that his first-degree robbery conviction and first-degree theft of property conviction violated his protection against double jeopardy may be meritorious. Therefore, this case is due to be remanded for the circuit court to hold an evidentiary hearing on this issue. See Peterson v. State, 842 So. 2d 734 (Ala. Crim. App. 2001).

## III.

Additionally, Reynolds reasserts his claim that his sentence was illegal because, he says, the circuit court improperly used prior juvenile adjudications from the State of Georgia that were allegedly "under seal" to enhance his sentence under the HFOA. (Reynolds's brief, at 8). In his petition, Reynolds alleged that, although he stipulated to having three prior felony convictions when he pleaded guilty, those prior convictions were juvenile adjudications that could not have been used for sentence-enhancement purposes under the HFOA.

"[T]he use of an invalid prior conviction for sentence enhancement renders a sentence illegal." Ginn v. State, 894 So. 2d 793, 796 (Ala. Crim. App. 2004). The Alabama Supreme Court "has held that '"a challenge to an illegal sentence is jurisdictional and can be raised at any time."'" Ex parte Jarrett, 89 So. 3d 730, 732 (Ala. 2011) (quoting Ex parte Batey, 958 So. 2d 339, 341 (Ala. 2006), quoting in turn Ginn, 894 So. 2d at 796). See also Ex parte Trawick, 972 So. 2d 782, 783 (Ala. 2007)("Trawick's claim that his sentence is illegal under the HFOA presents a jurisdictional claim.").

Further,

> "[t]he Alabama Supreme Court in Ex parte Thomas, 435 So. 2d 1324 (Ala. 1982) held that:
>
>> "'... [A] prior youthful offender adjudication is properly considered in determining the sentence to be imposed within the statutory range for a later crime for which the defendant has been convicted. That same youthful offender determination, however, may not be considered a prior felony conviction, as contemplated by the Habitual Offender Act, so as to bring the defendant within the purview of the higher sentence categories of that Act.'
>
> "435 So. 2d at 1326. See also Thomas v. State, 445 So. 2d 992 (Ala. Crim. App. 1984)."

Pickens v. State, 475 So. 2d 637, 639 (Ala. Crim. App. 1985).

11

In <u>Ex parte Dixon</u>, 804 So. 2d 1075 (Ala. 2000), the Alabama Supreme Court recognized:

"In regard to sentence enhancement under the HFOA, the general rule is that 'the burden of proof [is] on the state to show that the defendant has been convicted of a previous felony or felonies.'  Rule 26.6(b)(3)(iii), Ala. R.Crim. P.; <u>see</u> <u>Shumate v. State</u>, 676 So. 2d 1345, 1347 (Ala. Crim. App. 1995). However, by admitting prior felony convictions, the defendant relieves the State of its burden of proof. <u>See</u> <u>Burrell v. State</u>, 429 So. 2d 636, 637 (Ala. Crim. App. 1982)."

804 So. 2d at 1076-77. However, in <u>Ex parte Dixon</u>, the Alabama Supreme Court also explained that, even where a defendant admits to having prior felonies, the use of a defendant's prior felony convictions to invoke the HFOA is invalid unless the defendant is informed "that youthful-offender convictions are not considered prior convictions for purposes of sentence enhancement under the HFOA." <u>Id.</u>, at 1077-78.

Reynolds alleged in his petition that he had stipulated to having three prior felony convictions in the state of Georgia when he pleaded guilty in the instant case; however, he also alleged that the prior felony offenses that he stipulated to were offenses that were adjudicated under Georgia's juvenile-adjudication statute. The record in this case is unclear whether Reynolds conceded that he had three prior felony convictions that were not juvenile adjudications when he pleaded guilty in the

12

instant case or whether he merely stipulated to the three prior juvenile adjudications that occurred in Georgia.

Therefore, like his double-jeopardy claim, because Reynolds's claim that his sentence is illegal is potentially meritorious, this case is also due to be remanded for the court to hold an evidentiary hearing and to make specific findings of fact on the illegal-sentence claim. See Barnes v. State, 708 So. 2d 217 (Ala. Crim. App. 1997).

Accordingly, we remand this case to the circuit court with instructions that the court hold an evidentiary hearing on the merits of Reynolds's double-jeopardy and illegal-sentence claims. The circuit court shall make specific, written findings of fact regarding Reynolds's double jeopardy claim and his illegal-sentence claim in compliance with Rule 32.9(d), Ala. R. Crim. P. If the court determines that Reynolds is entitled to relief on either or both of his claims, the court shall take all necessary action to render the appropriate relief. Additionally, due return shall be filed in this Court as soon as possible and within 56 days after the release of this opinion. The return to remand shall include the circuit court's specific, written findings of fact and a transcript of the evidentiary hearing.

13

Based on the foregoing, this case is remanded with instructions.

REMANDED WITH INSTRUCTIONS.

Windom, P.J., and Kellum and Minor, JJ., concur. Cole, J., concurs in the result.