Charles Peterson petitions this Court for a writ of mandamus directing the Montgomery Circuit Court to dismiss his indictment. We grant the petition.
For the factual background of this case, see Peterson v.State, 842 So.2d 734 (Ala.Crim.App. 2001) ("Peterson I"), andEx parte Peterson, 884 So.2d 924 (Ala.Crim.App. 2003) ("Peterson II"). This case arises out of the murder, in which Peterson and other individuals participated, of "Eddie Allen, the manager of a Burger King fast-food restaurant." Peterson II, 884 So.2d at 925. In 1995, a grand jury returned a one-count, capital-murder indictment against Peterson for the intentional murder of Allen during the course of a robbery. Id. at 925. In May 1997, pursuant to a blind plea agreement, Peterson's indictment was amended to charge, and he pleaded guilty to, (1) felony murder and (2) first-degree robbery. He was sentenced to 30 years' imprisonment and 20 years' imprisonment, respectively; the sentences were to be served consecutively.
In July 2000, Peterson filed a Rule 32, Ala. R.Crim. P., petition challenging his robbery conviction. Specifically, he contended that he was indicted for murder made capital because he committed it during *Page 992 
the course of a robbery. See § 13A-5-40(a)(2), Ala. Code 1975. He further asserted that he was convicted of first-degree robbery and felony murder, for which the underlying offense was robbery.Peterson I, 842 So.2d at 736. Therefore, he argued, his conviction for both felony murder and the underlying offense of robbery violated the constitutional guarantees against double jeopardy. Id. The Court of Criminal Appeals remanded the case for further factual findings, stating that "if [Peterson's] convictions for both felony-murder and first-degree robbery were based on the same robbery, his convictions for both offenses violate double jeopardy principles." Id.
On remand, the State conceded "that the felony-murder conviction and the robbery conviction were both based upon the same robbery and . . . that, based on [the remand instructions], the circuit court must set aside the robbery conviction and sentence." Id. at 739 (opinion on return to third remand). The State also convened a grand jury, which, on March 8, 2002, returned a three-count indictment against Peterson, charging (1) capital murder during the course of a robbery, (2) capital murder during the course of a burglary, and (3) conspiracy to commit robbery. The State then moved to set aside both the felony-murder conviction and the robbery conviction and to nol-pros the original one-count capital-murder indictment.
Peterson objected to the dismissal of the felony-murder conviction, and moved to dismiss the March 2002 indictment. The trial court granted the State's motions and denied Peterson's motion. Peterson petitioned the Court of Criminal Appeals for a writ of mandamus directing the trial court to dismiss the March 2002 capital-murder indictment and to reinstate his felony-murder conviction. The Court of Criminal Appeals denied the petition.Peterson II. Peterson now seeks the same relief from this Court.
Peterson contends that there was no basis on which to set aside his felony-murder conviction and that any prosecution under the March 2002 indictment violates the principle of double jeopardy.[1] The State argues:
 "Because the trial court accepted Peterson's guilty plea to an offense for which he had not been indicted, the court's judgment is void because the court lacked jurisdiction. . . . Peterson's guilty plea was set aside because it was based upon an illegally amended indictment; therefore, the State could proceed on the original indictment or reindict Peterson."
State's answer, at 6. We agree with Peterson.
"Jeopardy attaches on a guilty plea when the plea is accepted and entered by a court with jurisdiction." Ex parte Wright,477 So.2d 492, 493 (Ala. 1985). A trial court lacks jurisdiction to accept a plea to an offense not encompassed within the originalindictment. Ex parte Cole, 842 So.2d 605, 607 (Ala. 2002) ("Rule 13.5(a), Ala. R.Crim. P., prohibits any amendment to an indictment that changes the offense or charges a new offense not contemplated in the original indictment."). Lesser-included offenses are, by Ala. R.Crim. P. 13.2(c), necessarily charged in an indictment. Therefore, "`[t]he concept of a lesser included offense does not involve . . . an amendment of the indictment.'"Wesson v. State, 644 So.2d 1302, 1306 (Ala.Crim.App. 1994) (quoting Black v. *Page 993 State, 586 So.2d 968, 970 (Ala.Crim.App. 1991)).
It is beyond cavil that felony murder is an offense contemplated in the 1995 capital-murder indictment. That indictment charged Peterson with intentional murder during the course of committing a robbery. Felony murder, as defined by Ala. Code 1975, § 13A-6-2(a)(3), is a lesser-included offense of the capital offense of intentional murder committed during the course of a robbery. Ala. Code 1975, § 13A-5-41; Ex parteDorsey, 881 So.2d 533, 536 (Ala. 2003); Ex parte Rice,766 So.2d 143, 144-45 (Ala. 1999); Harris v. State, 854 So.2d 145
(Ala.Crim.App. 2002). Thus, there is no merit in the State's argument that Peterson's 1995 capital-murder indictment was "illegally amended" to accommodate a plea to felony murder. Because the guilty plea to felony murder was a valid plea, jeopardy attached to the felony-murder conviction, prohibiting any further prosecution of Peterson for the murder of Eddie Allen.
Hammond v. State, 665 So.2d 970 (Ala.Crim.App. 1995), on which the State relies, is inapposite. In that case, Jerry Hammond was indicted for the "capital offense of murder committed during the course of a robbery." Id. at 973. He pleaded guilty, however, to "`solicitation to commit unlawful distribution of a controlled substance,'" and, in accordance with his plea agreement, he received an 18-year sentence. Id.
Within 6 months of his sentencing, Hammond "petitioned for a writ of habeas corpus seeking to vacate his conviction and his 18-year sentence, contending that the trial court lacked jurisdiction to accept his guilty plea." Id. at 974. This was so, he argued, because "the crime to which he had pleaded [guilty] was not a lesser included offense of the capital crime of murder-robbery for which he had been indicted and, therefore, he argued, the entire proceedings were void." Id. The trial court agreed with Hammond, vacated the conviction, and reinstated the original capital-murder indictment. Id. Hammond was subsequently convicted of capital murder and was sentenced to death. On appeal, he argued that the reinstated capital-murder count was void.
Rejecting that argument, the Court of Criminal Appeals stated, in part:
 "The original capital murder-robbery indictment in this case was a valid indictment. In carrying out the plea agreement, the state attempted to amend the indictment by adding a separate count charging `solicitation to distribute a controlled substance,' Ala. Code 1975, § 13A-12-202. The amendment purporting to add this charge was void. An indictment may be amended by order of the court with the consent of the defendant in all cases, except to change the offense or to charge new offenses not contemplated by the original indictment. Ross v. State, 529 So.2d 1074 (Ala.Crim.App. 1988); Ala. R. Cr. P. 13.5. In this case, the added charge is a substantial change from the indictment returned by the grand jury and charges a new offense not included in the original charge. Thus, all proceedings stemming from the amendment of the indictment had no legal effect and were void."
Hammond, 665 So.2d at 974 (emphasis added).
The distinctions between Hammond and this case are obvious. In Hammond, the attempted amendment of the indictment wasvoid, because "solicitation to commit unlawful distribution of a controlled substance" was clearly not included in the original charge of "murder committed during the course of a robbery." Here, however, the amended indictment was not *Page 994 
void, because felony murder in which robbery is the underlying felony is, indeed, a lesser-included offense of intentional murder during the course of a robbery. The trial court had jurisdiction, therefore, to accept the guilty plea to felony murder on the amended indictment, but it had no authority to accept the March 2002 reindictment.
For these reasons, the petition for a writ of mandamus is granted, and the trial court is directed to dismiss the March 2002 indictment against Peterson and to reinstate his conviction for felony murder.
PETITION GRANTED; WRIT ISSUED.
HOUSTON, LYONS, JOHNSTONE, and HARWOOD, JJ., concur.
SEE, BROWN, and STUART, JJ., dissent.
[1] This case involves no issue regarding the purported amendment of the original indictment to charge first-degree robbery, or the conviction for that offense, which the trial court set aside.