893 So.2d 353 (2004)
Ex parte Karys Dontricia MURRAY.
(In re State of Alabama
v.
Karys Dontricia Murray).
1021915.
Supreme Court of Alabama.
May 28, 2004.
Jeffery C. Duffey, Montgomery; and Patrick Shegon of Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, for petitioner.
Submitted on petitioner's brief only.
WOODALL, Justice.
Karys Dontricia Murray petitions this Court for a writ of mandamus directing the Montgomery Circuit Court to dismiss the indictment returned against him in 2002, to reinstate his conviction and sentence for felony murder under a prior indictment, and to vacate his conviction and sentence for first-degree robbery under that prior indictment. We grant the petition in part.
This case arises out of the murder, in which Murray and other individuals participated, of Eddie Allen, the manager of a Burger King fast-food restaurant. In 1995, a grand jury returned a one-count indictment against Murray charging him with murder made capital because Allen was killed during the course of a robbery. In 1997, pursuant to a plea agreement, Murray's indictment was amended to *354 charge, and he pleaded guilty to, (1) felony murder and (2) first-degree robbery. As part of the plea agreement, Murray waived his right to appeal. On June 16, 1997, the trial court sentenced Murray, consistently with the plea agreement, to life imprisonment on each conviction, the two sentences to be served consecutively.
Having waived his right to appeal, Murray simply began to serve his sentences. He never filed a Rule 32, Ala. R.Crim. P., petition challenging either conviction. However, despite Murray's inaction, the State convened a grand jury, which, on March 8, 2002, returned a three-count indictment against Murray, charging (1) murder made capital because it was committed during the course of a robbery, (2) murder made capital because it was committed during the course of a burglary, and (3) conspiracy to commit robbery. The State then moved to vacate Murray's conviction and sentence for first-degree robbery, to reinstate the original one-count indictment charging capital murder, and, then, to nol-pros that indictment.
Murray moved to dismiss the March 2002 indictment. The trial court granted the State's motions and denied Murray's motion. Murray petitions this Court for a writ of mandamus directing the trial court to dismiss the 2002 indictment, to reinstate his conviction and sentence for felony murder, and to vacate his conviction and sentence for first-degree robbery.
Murray contends, in part, that there was no basis on which to set aside his felony-murder conviction and that any prosecution under the March 2002 indictment violates the principle of double jeopardy. For the reasons explained in Ex parte Peterson, 890 So.2d 990 (Ala.2004), a case involving the reindictment of one of Murray's codefendants under similar circumstances, Murray's contention is correct. Therefore, the trial court is directed to dismiss the March 2002 indictment against Murray and to reinstate his conviction and sentence for felony murder.
It is undisputed that the same robbery provided the basis for both Murray's felony-murder conviction and his first-degree-robbery conviction. Therefore, as the State conceded in its motion to vacate the first-degree-robbery conviction, "the felony-murder conviction encompasses the first-degree robbery conviction, and the circuit court [must] vacate the first-degree robbery conviction." Peterson v. State, 842 So.2d 734, 740 (Ala.Crim.App.2001)(opinion on return to third remand). As previously mentioned, the trial court granted the State's motion to vacate the first-degree-robbery conviction. Thus, the trial court has already afforded Murray the relief he seeks from this Court. This Court will not issue a writ of mandamus ordering a trial court to do something the trial court has already done.
For these reasons, the petition for a writ of mandamus is granted in part, and the trial court is directed to dismiss the March 2002 indictment against Murray and to reinstate his conviction and sentence for felony murder.
PETITION GRANTED IN PART; WRIT ISSUED.
HOUSTON, LYONS, JOHNSTONE, and HARWOOD, JJ., concur.
SEE, J., concurs in the result.
BROWN and STUART, JJ., dissent.
SEE, Justice (concurring in the result).
I concur in the result. The State sought to have Murray reindicted for capital murder, notwithstanding an earlier plea agreement accepted by both Murray and the State and adopted by the trial court. The *355 prohibition against double jeopardy precludes that reindictment.[1] This case differs from Ex parte Peterson, 890 So.2d 990 (Ala.2004), a case in which I dissented, because Peterson, unlike Murray, "repudiated his plea agreement," 890 So.2d at 995. In this case, the State, on its own initiative, sought rescission of the plea agreement.
STUART, Justice (dissenting).
For the reasons set forth in my dissenting opinion in Ex parte Peterson, 890 So.2d 990 (Ala.2004), I dissent.
NOTES
[1] The trial court also vacated a first-degree-robbery charge against Murray on the independent motion of the State and not pursuant to any motion brought by Murray.