The State appeals from the trial court's order granting a motion to dismiss the three-count indictment against Charles Peterson.
The following time line of events is relevant to our resolution of this appeal: Peterson was indicted in December 1995 for murder made capital because it was committed during the course of a robbery. Peterson pleaded guilty in 1997 to the lesser-included offenses of felony murder (the underlying felony being a robbery) and first-degree robbery, and he was sentenced to consecutive sentences of 30 years' imprisonment and 20 years' imprisonment, respectively. Peterson did not appeal his convictions and sentences.
On July 25, 2000, Peterson filed a Rule 32, Ala.R.Crim.P., petition in which he alleged that his convictions violated double-jeopardy principles. This Court remanded the case four times for the circuit court to make specific written findings of fact with regard to Peterson's allegations. The State conceded that his convictions violated double-jeopardy principles and that his conviction and sentence for first-degree robbery must be vacated. However, the State further argued that the terms of the plea agreement had been altered and, therefore, filed a motion requesting that the circuit court set aside both of Peterson's convictions and sentences and reinstate the original indictment; the circuit court granted the State's motion. The State then convened a grand jury, which returned a three-count indictment against Peterson on March 8, 2002, charging murder made capital because it was committed during the course of a robbery, murder made capital because it was committed during the course of a burglary, and conspiracy to commit robbery; upon motion by the State, the trial court nol-prossed the original 1995 one-count capital-murder indictment. On return to third remand, this Court held that the circuit court's order on remand exceeded the scope of its jurisdiction and was therefore void; this Court again remanded for the circuit court make specific findings of fact regarding Peterson's claims. See Peterson v. State,842 So.2d 734 (Ala.Crim.App. 2002). On return to fourth remand, the circuit court submitted written findings indicating that the same robbery formed the basis for the *Page 974 
robbery and felony-murder convictions and vacated the robbery conviction and sentence.
Peterson filed a motion to dismiss the March 2002 three-count indictment; that motion was denied and Peterson filed a petition for a writ of mandamus, arguing that the second indictment violated the Double Jeopardy Clause. This Court denied Peterson's mandamus petition, stating that both of his convictions were a part of a plea agreement that had resulted in a void conviction and, therefore, that "`"the parties [were] returned to the status quo existing before the plea agreement."'" Ex parte Peterson,884 So.2d 924, 928 (Ala.Crim.App. 2003) (quoting Warren v.State, 706 So.2d 1316, 1318 (Ala.Crim.App. 1997), quoting in turn Brown v. State, 660 So.2d 235, 236 (Ala.Crim.App. 1995)). Thus, we concluded that the State was free to proceed under the original indictment or to reindict Peterson as it had chosen to do.
Peterson petitioned the Alabama Supreme Court for a writ of mandamus directing the trial court to dismiss the March 2002 indictment and to reinstate his guilty-plea conviction for felony murder. The Alabama Supreme Court granted Peterson's petition, stating that because felony murder during a robbery was a lesser-included offense of the charged offense of capital murder during a robbery, the guilty plea to felony murder was a valid plea and, therefore, that jeopardy had attached, which "prohibit[ed] any further prosecution of Peterson for the murder of Eddie Allen." Ex parte Peterson, 890 So.2d 990, 993 (Ala. 2004). Thus, at the conclusion of this series of events, the 2002 indictment was dismissed, Peterson's conviction and sentence for robbery were vacated, and his conviction and sentence for felony murder were reinstated.
On June 11, 2004, the Montgomery County Grand Jury returned an indictment charging Peterson with three counts of second-degree burglary — count one charged a violation of § 13A-7-6(a), Ala. Code 1975, i.e., that Peterson or another participant was armed with explosives or a deadly weapon — a firearm — while committing the burglary; count two charged a violation of § 13A-7-6(b), Ala. Code 1975, i.e., that Peterson or another participant caused physical injury to Eddie Allen by shooting him with a firearm while committing the burglary; and count three charged a violation of § 13A-7-6(c), Ala. Code 1975, i.e., that Peterson or another participant used or threatened the immediate use of a dangerous instrument — a firearm — while committing the burglary. On August 3, 2004, Peterson filed a motion to dismiss the indictment on former jeopardy grounds; the State responded on August 4, 2004; and Peterson filed a reply to the State's response on August 16, 2004. On August 16, 2004, Peterson also filed a motion to dismiss the June 2004 indictment on speedy-trial grounds, a motion to dismiss on the grounds that the State was engaged in vindictive prosecution against him, and a motion to dismiss on the grounds that the charges had been brought beyond the statutory period of limitations.
On August 18, 2004, the trial court conducted an evidentiary hearing at which Peterson argued that the indictment against him was due to be dismissed on the grounds that it violated principles of double jeopardy and the doctrine of collateral estoppel.[1] The State argued essentially *Page 975 
that there was no violation because burglary was not a lesser-included offense of robbery. On August 19, 2004, the trial court entered the following written order:
 "This cause having come before the Court on Defendant's Motions to Dismiss, the same having been considered, it is hereby
 "Ordered Adjudged and Decreed said Motion is Granted based upon the previous opinions and instructions of the appellate courts."
(C. 66.)
The State argues on appeal that the trial court erred in granting Peterson's motion to dismiss the indictment because, according to the State, the indictment does not violate double-jeopardy principles or the doctrine of collateral estoppel. We agree.
The trial court's dismissal order references the prior opinions and instructions of the appellate courts in this case. In Exparte Peterson, 890 So.2d at 993, the Alabama Supreme Court held that jeopardy had attached which "prohibit[ed] any further prosecution of Peterson for the murder of Eddie Allen," and ordered the trial court to reinstate Peterson's guilty-plea conviction for felony murder and to dismiss the 2002 indictment. However, despite Peterson's argument to the contrary, we do not interpret that holding as standing for any proposition that would serve to bar the burglary charges in the 2004 indictment. Rather, we read that language as standing for the proposition that the conviction and sentence for felony murder during a robbery serve to prohibit any further prosecution for robbery/theft of Eddie Allen or for the killing of Eddie Allen. Thus, it was not the underlying burglary in the 2002 indictment charging Peterson with murder made capital because it was committed during a burglary that the Alabama Supreme Court found to be barred. Rather, it was the fact that each count in that indictment charged Peterson with homicide and/or theft offenses when he had already been convicted of felony murder for the killing and robbery of Allen that barred further charges related to the murder or robbery.
In Deardorff v. State, [Ms. CR-01-0794, June 25, 2004] ___ So.2d ___ (Ala.Crim.App. 2004), this Court held that the appellant's double-jeopardy rights had been violated when he was convicted and sentenced for both robbery-murder and the underlying thefts that were the basis for the robbery-murder conviction, stating:
 "The Double Jeopardy Clause provides that no person shall `be subject for the same offence to be twice put in jeopardy of life or limb.' United States Const., Amend. V. We recently addressed this issue in another case:
 "`The crimes of robbery and theft are included in the greater offense of murder during a robbery. Rape is included in the greater offense of murder during a rape. A defendant cannot be convicted of both a greater offense and a lesser-included offense based on the same set of facts. Simmons v. State, 797 So.2d 1134 (Ala.Crim.App. 2000), cert. denied, 797 So.2d 1186 (Ala.), cert. denied, 534 U.S. 932, 122 S.Ct. 298 (2001).'
 "Turner v. State, 924 So.2d 737, 779-80
(Ala.Crim.App. 2002), opinion on first return to remand, 924 So.2d 793 (Ala.Crim.App. 2003), aff'd on second return to remand, 924 So.2d 796
(Ala.Crim.App. 2003)."
___ So.2d at ___.
Here, Peterson was indicted for murder made capital because it was committed *Page 976 
during the course of a robbery; he pleaded guilty to felony murder, the underlying felony being a robbery. It is well-settled that "burglary in the first degree and robbery in the first degree are not so similar as to encompass one another." Ex parteDixon, 804 So.2d 1075, 1080 (Ala. 2000). Burglary was not an included offense to the 1995 indictment charging Peterson with murder made capital because it was committed during a robbery, upon which he pleaded guilty to felony murder during a robbery — more succinctly, Peterson was not placed in jeopardy for burglary by the 1995 indictment or by the 1997 guilty plea. Thus, double-jeopardy principles do not bar a subsequent prosecution for burglary in this case, and the trial court erred in dismissing the 2004 indictment on that ground.
Similarly, the doctrine of collateral estoppel would not serve to bar the 2004 indictment for burglary.
 "The doctrine of collateral estoppel also `emanates from both the double jeopardy clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.' S.W. v. State, 703 So.2d 427
(Ala.Crim.App. 1997); see Ashe v. Swenson, 397 U.S. 436 (1970); United States v. Sanchez, 992 F.2d 1143, 1154 (11th Cir. 1993), on reconsideration, 3 F.3d 366, cert. denied, 510 U.S. 1110, 114 S.Ct. 1051, 127 L.Ed.2d 373 (1994). In Ashe v. Swenson, the Supreme Court expounded this modified doctrine, stating:
 "`"Collateral estoppel" is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'
 "397 U.S. at 443. Simply put, it is `a branch of the broader principle of res judicata, [which bars the] relitigation, between the same parties, of an ultimate issue of fact.' Daniels v. State, 534 So.2d 628, 638 (Ala.Crim.App. 1985), aff'd, 534 So.2d 656 (Ala. 1986), cert. denied, 479 U.S. 1040 (1987). Indeed, `[w]here successive prosecutions are at stake, the guarantee serves "a constitutional policy of finality for the defendant's benefit."' Brown v. Ohio, 432 U.S. 161, 165 (1977) (quoting United States v. Jorn, 400 U.S. 470, 479 (1971))."
Ex parte Howard, 710 So.2d 460, 463 (Ala. 1997). In Ex parteHoward, the Alabama Supreme Court concluded that Howard's guilty plea to receiving stolen property had conclusively established that Howard was not involved in the theft of the property, and that, therefore, the doctrine of collateral estoppel barred the subsequent prosecution of Howard for robbery where the property allegedly taken was the same as had been the basis of his plea of guilty to the charge of receiving stolen property.
Here, none of the issues resolved at the 1997 guilty-plea proceedings (essentially that Peterson robbed Allen and that Allen was killed in the process) are necessary for a prosecution of burglary. Rather, proof of second-degree burglary would entail a finding that Peterson (1) knowingly entered or remained unlawfully in The Burger King fast-food restaurant where the offense occurred with the intent to commit theft or a felony therein, and (2) while entering, while inside, or while in flight from the Burger King restaurant, Peterson or another participant either was armed with explosives or a deadly weapon, caused physical injury to Allen by shooting him with a firearm, or used or threatened *Page 977 
the immediate use of a firearm. Further, prosecuting Peterson for second-degree burglary does not give the State a second bite at the apple; none of the issues necessary for a conviction of second-degree burglary were decided in Peterson's favor in the earlier proceedings, i.e., Peterson was not acquitted only to have to "`run the gauntlet' a second time." Ashe v. Swenson,397 U.S. 436, 446, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).
Although the trial court's order did not specifically state that the motion was granted on double-jeopardy grounds, it is clear from the arguments presented at the hearing on the motions to dismiss and from the trial court's reference to the "previous opinions and instructions of the appellate courts" (C. 66), that the trial court's denial was on that ground. Thus, based on the foregoing, the trial court erred in granting Peterson's motion to dismiss the indictment on double-jeopardy grounds.
We note, however, that the trial court's dismissal order does not reference the disposition of Peterson's motions to dismiss the indictment on speedy-trial, vindictive-prosecution, and statute-of-limitations grounds. We are unable to determine from the record whether dismissal of the indictment on those motions would have been proper. For example, the triggering date for a speedy-trial analysis is unclear from the record; we are unable to determine whether the time for the speedy-trial analysis started running in 1995 or upon his 2004 indictment; therefore, we cannot determine what portion of that time would be viewed under a speedy-trial analysis, and what portion of the time would be reviewed under a due process pre-indictment delay analysis. Similarly, the trial court is in the better position to first determine whether vindictiveness should be presumed and which party bore the burden of establishing either vindictiveness, or the lack thereof, as the case may be. Thus, we express no opinion as to the merits of those allegations. The trial court should issue written findings of fact as to the merits of Peterson's remaining motions to dismiss, because it appears that those motions remain pending in the circuit court. If the trial court determines that additional evidence or proceedings are necessary, the trial court should exercise its discretion accordingly.
Based on the foregoing, we conclude that the trial court erroneously dismissed the indictment against Peterson on principles of double jeopardy and the doctrine of collateral estoppel. Accordingly, we reverse the trial court's judgment and remand this case to that court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and SHAW and WISE, JJ., concur.
BASCHAB, J., dissents, without opinion.
[1] The hearing was consolidated with that of Peterson's codefendant, Karys Murray, whose case is also being decided under similar circumstances by this Court in an opinion released today in State v. Murray, 923 So.2d 335 (Ala.Crim.App. 2005). For a procedural history of Murray's case, see Ex parte Murray,893 So.2d 353 (Ala. 2004).
 *Page 409