The State appeals from the trial court's order granting a motion to dismiss the three-count indictment against Karys Murray.
The following time line of events is relevant to our resolution of this appeal: Murray was indicted in December 1995 for murder made capital because it was committed during the course of a robbery. Murray pleaded guilty in 1997 to the lesser-included offenses of felony murder (the underlying felony being a robbery) and first-degree robbery, and he was sentenced to consecutive sentences of life imprisonment. Murray did not appeal his convictions and sentences.
The State convened a grand jury and returned a three-count indictment against Murray on March 8, 2002, charging murder made capital because it was committed during the course of a robbery, murder made capital because it was committed during the course of a burglary, and conspiracy to commit robbery; all three charges stemmed from the same incident as to which he had pleaded guilty to felony murder in 1997. The State then moved to have Murray's 1997 guilty-plea convictions and sentences set aside and the 1995 indictment reinstated and then nol-prossed. The trial court granted the State's motion.
Murray filed a motion to dismiss the March 2002 three-count indictment; that motion was denied, and Murray filed a petition for a writ of mandamus in the Alabama Supreme Court, arguing that the 2002 indictment violated the Double Jeopardy Clause and seeking to have that indictment dismissed, his felony-murder conviction and sentence reinstated, and his first-degree robbery conviction and sentence vacated on the grounds that first-degree robbery was a lesser-included offense of felony murder for a murder that occurred during that same robbery. The Alabama Supreme Court granted Murray's petition in part, ordering the trial court to dismiss the 2002 indictment against Murray and to reinstate his conviction and sentence for felony murder.[1]
See Ex parte Murray, 893 So.2d 353 (Ala. 2004).[2] *Page 337 
On June 11, 2004, the Montgomery County Grand Jury returned an indictment charging Murray with three counts of second-degree burglary — count one charged a violation of § 13A-7-6(a), Ala. Code 1975, i.e., that Murray or another participant was armed with explosives or a deadly weapon — a firearm — while committing the burglary; count two charged a violation of § 13A-7-6(b), Ala. Code 1975, i.e., that Murray or another participant caused physical injury to Eddie Allen by shooting him with a firearm while committing the burglary; and count three charged a violation of § 13A-7-6(c), Ala. Code 1975, i.e., that Murray or another participant used or threatened the immediate use of a dangerous instrument — a firearm — while committing the burglary. On July 13, 2004, Murray filed a motion to dismiss the indictment on former jeopardy grounds; the State responded on July 27, 2004. On July 30, 2004, Murray also filed a motion to dismiss the June 2004 indictment on speedy-trial grounds and a motion to dismiss on the grounds that the charges had been brought beyond the statutory period of limitations. On August 3, 2004, the State responded to Murray's motions to dismiss on statute-of-limitations and speedy-trial grounds. On August 16, 2004, Murray filed a motion to dismiss on the grounds that the State was engaged in vindictive prosecution against him; Murray also filed a reply to the State's response to his motion to dismiss on former-jeopardy grounds in which he also argued that the indictment was due to be dismissed on collateral-estoppel grounds.
On August 18, 2004, the trial court conducted an evidentiary hearing at which Murray argued that the indictment was due to be dismissed on the grounds that it violated principles of double jeopardy and the doctrine of collateral estoppel, that it violated his right to a speedy trial, and that the prosecution of the indictment was retaliatory and vindictive. The State argued essentially that there was no violation because burglary was not a lesser-included offense of robbery. On August 19, 2004, the trial court entered the following written order:
 "This cause having come before the Court on Defendant's Motions to Dismiss, the same having been considered, it is hereby
 "Ordered Adjudged and Decreed said Motion is Granted based upon the previous opinions and instructions of the appellate courts."
(C. 85.)
The State argues on appeal that the trial court erred in granting Murray's motion to dismiss the indictment because, according to the State, the indictment does not violate double-jeopardy principles. We agree.
The trial court's dismissal order references the prior opinions and instructions of the appellate courts. In Ex parte Peterson,890 So.2d 990, 993 (Ala. 2004), the Alabama Supreme Court held that jeopardy had attached, which "prohibit[ed] any further prosecution of Peterson for the murder of Eddie Allen," and ordered the trial court to reinstate his guilty-plea conviction for felony murder and to dismiss the 2002 indictment; the Alabama Supreme Court relied on Ex parte Peterson in granting Murray's 2002 mandamus petition in part to dismiss the 2002 indictment and to reinstate his conviction and sentence for felony murder. SeeEx parte *Page 338 Murray, 893 So.2d at 354.[3] However, we do not interpret the Alabama Supreme Court's holding in Ex parte Murray as standing for any proposition that would serve to bar the burglary charges in the 2004 indictment. Rather, we read that opinion as standing for the proposition that the conviction and sentence for felony murder during a robbery serve to prohibit any further prosecution for the robbery/theft of Eddie Allen or for the killing of Eddie Allen. Thus, it was not the underlying burglary in the 2002 indictment charging Murray with murder made capital because it was committed during a burglary that the Alabama Supreme Court found to be barred. Rather, it was the fact that each count in that indictment charged Murray with homicide and/or theft offenses when he had already been convicted of felony murder for the killing and robbery of Allen that prohibited further prosecution based on the homicide or robbery.
In Deardorff v. State, [Ms. CR-01-0794, June 25, 2004] ___ So.2d ___ (Ala.Crim.App. 2004), this Court held that the appellant's double-jeopardy rights had been violated when he was convicted and sentenced for both robbery-murder and the underlying thefts that were the basis for the robbery-murder conviction, stating:
 "The Double Jeopardy Clause provides that no person shall `be subject for the same offence to be twice put in jeopardy of life or limb.' United States Const., Amend. V. We recently addressed this issue in another case:
 "`The crimes of robbery and theft are included in the greater offense of murder during a robbery. Rape is included in the greater offense of murder during a rape. A defendant cannot be convicted of both a greater offense and a lesser-included offense based on the same set of facts. Simmons v. State, 797 So.2d 1134 (Ala.Crim.App. 2000), cert. denied, 797 So.2d 1186 (Ala.), cert. denied, 534 U.S. 932, 122 S.Ct. 298 (2001).'
 "Turner v. State, 924 So.2d 737, 779-80
(Ala.Crim.App. 2002), opinion on first return to remand, 924 So.2d 793 (Ala.Crim.App. 2003), aff'd on second return to remand, 924 So.2d 796
(Ala.Crim.App. 2003)."
___ So.2d at ___.
Here, Murray was indicted for murder made capital because it was committed during the course of a robbery; he pleaded guilty to felony murder, the underlying felony being a robbery. It is well-settled that "burglary in the first degree and robbery in the first degree are not so similar as to encompass one another."Ex parte Dixon, 804 So.2d 1075, 1080 (Ala. 2000). Burglary was not an included offense to the 1995 indictment charging Murray with murder made capital because it was committed during a robbery upon which he pleaded guilty to felony murder during a robbery — more succinctly, Murray was not placed in jeopardy for burglary by the 1995 indictment or by the 1997 guilty plea. Thus, double-jeopardy principles do not bar a subsequent prosecution for burglary in this case, and the trial *Page 339 
court erred in dismissing the 2004 indictment on that ground.[4]
We note, however, that the trial court's dismissal order does not reference the disposition of Murray's motions to dismiss the indictment on speedy-trial, vindictive-prosecution, and statute-of-limitations grounds. We are unable to determine from the record whether dismissal of the indictment on any of those motions would have been proper. For example, the triggering date for a speedy-trial analysis is unclear from the record; we are unable to determine whether the time for speedy-trial purposes started running in 1995 or upon his 2004 indictment; therefore, we cannot determine what portion of that time would be viewed under a speedy-trial analysis and what portion of the time would be reviewed under a due process pre-indictment delay analysis. Similarly, the trial court is in the better position to first determine whether vindictiveness should be presumed and which party bore the burden of establishing either vindictiveness or the lack thereof, as the case may be. Thus, we express no opinion as to the merits of those allegations. The trial court should issue written findings of fact as to the merits of Murray's remaining motions to dismiss, because it appears that those motions remain pending in the circuit court. If the trial court determines that additional evidence or proceedings are necessary, the trial court should exercise its discretion accordingly.
Thus, based on the foregoing, we conclude that the trial court erred in granting Murray's motion to dismiss the indictment on double-jeopardy grounds. Accordingly, we reverse the trial court's judgment and remand this case to that court for proceedings that are consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and SHAW and WISE, JJ., concur.
BASCHAB, J., dissents, without opinion.
[1] The Alabama Supreme Court noted that Murray's robbery conviction and sentence had already been vacated, stating that it would "not issue a writ of mandamus ordering a trial court to do something the trial court has already done." 893 So.2d at 354.
[2] For the procedural history of the case of Murray's codefendant, Charles Peterson, whose case is also being decided under similar circumstances in an opinion issued today in (CR-03-2004), see Peterson v. State, 842 So.2d 734
(Ala.Crim.App. 2001); Ex parte Peterson, 884 So.2d 924
(Ala.Crim.App. 2003); and Ex parte Peterson, 890 So.2d 990
(Ala. 2004).
[3] As to Murray's request that the Supreme Court order his robbery conviction and sentence vacated, the Alabama Supreme Court noted that it was undisputed that the same robbery formed the basis for both the robbery conviction and the felony-murder conviction; however, because the circuit court had already vacated Murray's conviction and sentence for first-degree robbery, the Alabama Supreme Court stated that it would not grant the petition as to that allegation, because Murray had already received relief on that claim.
[4] See also this Court's opinion in State v. Peterson,922 So.2d 972 (Ala.Crim.App. 2005), in which this Court held that the doctrine of collateral estoppel would not serve to bar the 2004 indictment for burglary.