WELCH, Judge.
 

 Karys Dontricia Murray
 
 [1]
 
 was indicted in 2004 on three counts of second-degree burglary, a violation of § 13A-7-6, Ala. Code 1975. In January 2006, Murray pleaded guilty to one count of second-degree burglary and was sentenced to 20 years’ imprisonment in accordance with the terms of a plea agreement. As part of the agreement, Murray reserved the right to appeal the conviction on the grounds that the 2004 indictment should have been dismissed because the prosecution was vindictive and he was denied his right to a speedy trial.
 

 The 2004 indictment arose out of a 1995 incident in which Murray and others participated in the murder of Eddie Allen as Allen was working as the manager of a Burger King fast-food restaurant in Montgomery. In 1995, Murray was indicted on one count of capital murder for his role in the crime. He entered into a plea agreement with the State, and, in 1997, he pleaded guilty to felony murder and robbery. Pursuant to the plea agreement, the trial court sentenced Murray to life imprisonment for each conviction, the sentences to be served consecutively. Murray, acting in accordance with his obligations under the plea agreement, did not appeal or file any requests for postconviction relief.
 

 Despite Murray’s adherence to the terms of the plea agreement, the State convened another grand jury to consider Murray’s case, and in March 2002, that grand jury returned an indictment against Murray charging him with murder made capital because it was committed during the course of a robbery, murder made capital because it was committed during the course of a burglary, and conspiracy to commit robbery. The State then moved to vacate Murray’s conviction and sentence for robbery, to reinstate the original indictment for capital murder, then to nolle pros that indictment.
 

 In turn, Murray moved to dismiss the March 2002 indictment. The trial court denied his motion. Murray petitioned the Alabama Supreme Court for a writ of mandamus directing the trial court to dismiss the 2002 indictment and to reinstate his conviction and sentence for felony murder
 
 *152
 
 and to vacate his conviction and sentence for first-degree robbery. The Alabama Supreme Court granted Murray’s petition on the ground that the 2002 indictment violated the principle of double jeopardy.
 
 Ex parte Murray,
 
 893 So.2d 353 (Ala. 2004). Because the trial court had already vacated Murray’s conviction and sentence for first-degree robbeiy, the Supreme Court determined that it would “not issue a writ of mandamus ordering a trial court to do something the trial court has already done.” 893 So.2d at 354.
 

 On June 11, 2004, the grand jury returned yet another indictment against Murray arising out of the same 1995 incident — this one charging him with three counts of burglary in the second degree. Again, Murray sought to have the indictment dismissed. As grounds for dismissal, Murray asserted, in multiple motions, that the indictment violated the constitutional prohibition against double jeopardy, his right to a speedy trial, and the statutory period of limitations and that the State was engaged in vindictive prosecution against him.
 

 The trial court entered an order dismissing the indictment on the ground that it violated double-jeopardy principles, as determined by the Supreme Court in
 
 Ex parte Murray.
 
 The State appealed the dismissal to this Court. This Court determined that, because burglary was not a lesser-included offense to the 1995 capital murder indictment or the offense to which Murray pleaded guilty, i.e., felony murder during a robbery, “Murray was not placed in jeopardy for burglary by the 1995 indictment or by the 1997 guilty plea,” and, therefore, that the principles of double jeopardy would not bar Murray’s prosecution for burglary.
 
 State v. Murray,
 
 923 So.2d 335, 338 (Ala.Crim.App.2005). Therefore, this Court held, the trial court erred in dismissing the indictment on the ground of double jeopardy.
 
 Id.
 

 The Court went on to note, however, that the trial court’s order dismissing the indictment did not address Murray’s other grounds — speedy trial, vindictive' prosecution, and statute of limitations — as to why the 2004 indictment should be dismissed. It further stated:
 

 “We are unable to determine from the record whether dismissal of the indictment on any of those [grounds] would have been proper. For example, the triggering date for a speedy-trial analysis is unclear from the record; we are unable to determine whether the time for speedy-trial purposes started running in 1995 or upon his 2004 indictment; therefore, we cannot determine what portion of that time would be viewed under a speedy-trial analysis and what portion of the time would be reviewed under a due process pre-indictment delay analysis. Similarly, the trial court is in the better position to first determine whether vindictiveness should be presumed and which party bore the burden of establishing either vindictiveness or the lack thereof, as the case may be. Thus, we express no opinion as to the merits of those allegations. The trial court should issue written findings of fact as to the merits of Murray’s remaining motions to dismiss, because it appears that those motions remain pending in the circuit court. If the trial court determines that additional evidence or proceedings are necessary, the trial court should exercise its discretion accordingly.”
 

 Murray,
 
 923 So.2d at 339.
 

 In response to that opinion, the trial court declined to hold further proceedings and entered an order denying Murray’s other motions for dismissal. Despite our request, the trial court did not
 
 *153
 
 include findings of fact in the order. We acknowledge that in
 
 Murray,
 
 we stated that the trial court “should” issue written findings of fact rather than stating that it “shall” issue such findings and left it to the trial court’s discretion as to whether additional evidence was required. We believe the opinion makes clear, however, that this Court could not conduct a proper analysis of the pending issues based upon the record before us, that is, with no written findings or evidence on the speedy-trial or vindictive-prosecution issues. In this appeal, Murray again asserts that the 2004 indictment should have been dismissed because, he says, he was denied a speedy trial and he again raises the issue of vindictive prosecution. Because the trial court did not issue written findings or hold an evidentiary hearing, however, we are still unable to do a proper analysis as to these issues.
 

 The United States Supreme Court has set forth four factors to be considered when reviewing a speedy-trial claim: (1) the length of the delay; (2) the reason for the delay; (3) the accused’s assertion of his right to a speedy trial; and (4) the degree of prejudice the accused suffered due to the delay.
 
 Barker v. Wingo,
 
 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
 
 Ex parte Walker,
 
 928 So.2d 259 (Ala.2005), sets forth the Alabama Supreme Court’s analysis of the application of those factors.
 

 As discussed above, the record in this case is such that we cannot do a proper analysis under
 
 Barker
 
 and
 
 Walker.
 
 We note that in
 
 Murray,
 
 we wrote that an evidentiary hearing was held on August 18, 2004, on Murray’s motions to dismiss the indictment.
 
 Murray,
 
 923 So.2d at 337. Upon further consideration of the record, however, we find that, in fact, no evidentia-ry hearing was held. According to the scheduling order entered in this case, the proceeding on August 18, 2004, was a “pretrial status/scheduling conference” at which “all defendants and/or attorneys” were to be present. (R. 11.) We have reviewed the record of the August 18, 2004, proceeding and determined that, although the attorneys for the parties argued pending motions, no evidence was taken.
 

 Accordingly, we remand this cause to the trial court with instructions that the court shall conduct an evidentiary hearing during which the factors set forth in
 
 Barker
 
 are to be addressed, as well as the issue of vindictive prosecution. After the hearing, the trial court shall make specific findings of fact as to the
 
 Barker
 
 factors and Murray’s claim of vindictive prosecution. The trial court shall also supply this court with a transcript of the evidentiary hearing.
 
 See State v. Stovall,
 
 947 So.2d 1149 (Ala.Crim.App.2006) (case remanded for an evidentiary hearing on the
 
 Barker
 
 factors).
 

 On remand, the trial court shall take all necessary action to see that the circuit clerk makes due return to this court within 70 days.
 

 REMANDED WITH INSTRUCTIONS.
 
 *
 

 McMILLAN and WISE, JJ., concur. BASCHAB, P.J, and SHAW, J., dissent.
 

 [1]
 

 . At the time of this opinion, the appeal of Murray's codefendant, Charles Peterson, is also pending before this Court.
 

 *
 

 Note from the reporter of decisions: On June 28, 2007, the Court of Criminal Appeals dismissed the appeal on Murray’s motion.