PER CURIAM.
On June 11, 2004, Charles Peterson was indicted for three counts of burglary in the second degree, violations of § 13A-7-6, Ala.Code 1975. He pleaded guilty to one count of burglary in the second degree, under Count I of the indictment, and he was sentenced to 20 years’ imprisonment.[1]
The procedural history of this case is lengthy. In State v. Peterson, 922 So.2d 972 (Ala.Crim.App.2005), this Court set out that history as follows:
“Peterson was indicted in December 1995 for murder made capital because it was committed during the course of a robbery. Peterson pleaded guilty in 1997 to the lesser-included offenses of felony murder (the underlying felony being a robbery) and first-degree robbery, and he was sentenced to consecutive sentences of 30 years’ imprisonment and 20 years’ imprisonment, respectively. Peterson did not appeal his convictions and sentences.
“On July 25, 2000, Peterson filed a Rule 32, Ala.R.Crim.P., petition in which he alleged that his convictions violated double-jeopardy principles. This Court remanded the case four times for the circuit court to make specific written findings of fact with regard to Peterson’s allegations. The State conceded that his convictions violated double-jeopardy principles and that his conviction and sentence for first-degree robbery must be vacated. However, the State further argued that the terms of the plea agreement had been altered and, therefore, filed a motion requesting that the circuit court set aside both of Peterson’s convictions and sentences and reinstate the original indictment; the circuit court granted the State’s motion. The State then convened a grand jury, which returned a three-count indictment against Peterson on March 8, 2002, charging murder made capital because it was committed during the course of a robbery, murder made capital because it was committed during the course of a burglary, and conspiracy to commit robbery; upon motion by the State, the trial court nol-prossed the original 1995 one-count capital-murder indictment. On return to third remand, this Court held that the circuit court’s order on remand exceeded the scope of its jurisdiction and was therefore void; this Court again remanded for the circuit court [to] make specific findings of fact regarding Peterson’s claims. See Peterson v. State, 842 So.2d 734 (Ala.Crim. App.2002). On return to fourth remand, the circuit court submitted written findings indicating that the same robbery formed the basis for the robbery and felony-murder convictions and vacated the robbery conviction and sentence.
“Peterson filed a motion to dismiss the March 2002 three-count indictment; *156 that motion was denied and Peterson filed a petition for a writ of mandamus, arguing that the second indictment violated the Double Jeopardy Clause. This Court denied Peterson’s mandamus petition, stating that both of his convictions were a part of a plea agreement that had resulted in a void conviction and, therefore, that ‘ “ ‘the parties [were] returned to the status quo existing before the plea agreement.’ ” ’ Ex parte Peterson, 884 So.2d 924, 928 (Ala.Crim.App. 2003) (quoting Warren v. State, 706 So.2d 1816, 1318 (Ala.Crim.App.1997), quoting in turn Brown v. State, 660 So.2d 235, 236 (Ala.Crim.App.1995)). Thus, we concluded that the State was free to proceed under the original indictment or to reindict Peterson as it had chosen to do.
“Peterson petitioned the Alabama Supreme Court for a writ of mandamus directing the trial court to dismiss the March 2002 indictment and to reinstate his guilty-plea conviction for felony murder. The Alabama Supreme Court granted Peterson’s petition, stating that because felony murder during a robbery was a lesser-included offense of the charged offense of capital murder during a robbery, the guilty plea to felony murder was a valid plea and, therefore, that jeopardy had attached, which ‘prohibited] any further prosecution of Peterson for the murder of Eddie Allen.’ Ex parte Peterson, 890 So.2d 990, 993 (Ala.2004). Thus, at the conclusion of this series of events, the 2002 indictment was dismissed, Peterson’s conviction and sentence for robbery were vacated, and his conviction and sentence for felony murder were reinstated.
“On June 11, 2004, the Montgomery County Grand Jury returned an indictment charging Peterson with three counts of second-degree burglary— count one charged a violation of § 13A-7-6(a), Ala.Code 1975, i.e., that Peterson or another participant was armed with explosives or a deadly weapon — a firearm — while committing the burglary; count two charged a violation of § 13A-7-6(b), Ala.Code 1975, i.e., that Peterson or another participant caused physical injury to Eddie Allen by shooting him with a firearm while committing the burglary; and count three charged a violation of § 13A-7-6(c), Ala.Code 1975, i.e., that Peterson or another participant used or threatened the immediate use of a dangerous instrument — a firearm— while committing the burglary. On August 3, 2004, Peterson filed a motion to dismiss the indictment on former jeopardy grounds; the State responded on August 4, 2004; and Peterson filed a reply to the State’s response on August 16, 2004. On August 16, 2004, Peterson also filed a motion to dismiss the June 2004 indictment on speedy-trial grounds, a motion to dismiss on the grounds that the State was engaged in vindictive prosecution against him, and a motion to dismiss on the grounds that the charges had been brought beyond the statutory period of limitations.
“On August 18, 2004, the trial court conducted an evidentiary hearing at which Peterson argued that the indictment against him was due to be dismissed on the. grounds that it violated principles of double jeopardy and the doctrine of collateral estoppel.[2] The State argued essentially that there was no violation because burglary was not a lesser-included offense of robbery. On August 19, 2004, the trial court entered the following written order:
*157 “ ‘This cause having come before the Court on Defendant’s Motions to Dismiss, the same having been considered, it is hereby
“ ‘Ordered Adjudged and Decreed said Motion is Granted based upon the previous opinions and instructions of the appellate courts.’ ”
922 So.2d at 973-75 (footnote omitted). Construing the trial court’s order as granting Peterson’s motion to dismiss on double-jeopardy grounds, this Court reversed the trial court’s judgment, finding that the 2004 burglary indictment was not barred by double-jeopardy principles, and remanded the case for further proceedings. This Court also held, based on Peterson’s argument at the August 18, 2004, proceeding, that Peterson’s indictment was likewise not barred by the doctrine of collateral estoppel. In remanding the case, this Court further stated:
“We note, however, that the trial court’s dismissal order does not reference the disposition of Peterson’s motions to dismiss the indictment on speedy-trial, vindictive-prosecution, and statute-of-limitations grounds. We are unable to determine from the record whether dismissal of the indictment on those motions would have been proper. For example, the triggering date for a speedy-trial analysis is unclear from the record; we are unable to determine whether the time for the speedy-trial analysis started running in 1995 or upon his 2004 indictment; therefore, we cannot determine what portion of that time would be viewed under a speedy-trial analysis, and what portion of the time would be reviewed under a due process preindictment delay analysis. Similarly, the trial court is in the better position to first determine whether vindictiveness should be presumed and which party bore the burden of establishing either vindictiveness, or the lack thereof, as the case may be. Thus, we express no opinion as to the merits of those allegations. The trial court should issue written findings of fact as to the merits of Peterson’s remaining motions to dismiss, because it appears that those motions remain pending in the circuit court. If the trial court determines that additional evidence or proceedings are necessary, the trial court should exercise its discretion accordingly.”
922 So.2d at 977. This Court issued a similar opinion in the case of Peterson’s codefendant, Karys Murray, which has a similar procedural history. See State v. Murray, 923 So.2d 335 (Ala.Crim.App. 2005).
Following this Court’s reversal of the trial court’s order granting Peterson’s motion to dismiss, the trial court issued an order on September 26, 2005, summarily denying Peterson’s remaining motions to dismiss, which alleged speedy-trial, vindictive-prosecution, and statute-of-limitations grounds. The court did not conduct a hearing on the motions, nor did it issue specific written findings of facts as this Court had urged it to do in our opinion in State v. Petersoyi, supra. On October 14, 2005, Peterson filed a petition for a writ of mandamus in this Court requesting that this Court order the trial court to issue specific written findings of fact regarding its denial of his three remaining motions to dismiss; this Court denied the petition by order on January 4, 2006, finding that in our opinion in State v. Peterson, supra, we “did not order the circuit court to make findings of fact on those outstanding motions,” but only “strongly urge[d] the circuit court to make findings.” (No. CR-05-0078) The same day, this Court denied a similar mandamus petition filed by Murray on the same ground. (No. CR-05-0079)
*158 On January 20, 2006, Peterson entered his guilty plea to burglary in the second degree under Count I of the indictment, expressly reserving the right to appeal the trial court’s denial of his motions to dismiss the indictment on the grounds (1) that he was denied his right to a speedy trial; (2) that in prosecuting him the State was engaged in vindictive prosecution; (3) that the burglary prosecution is barred by the statute of limitations; and (4) that any further prosecution for the events surrounding Eddie Allen’s murder, as to which he had pleaded guilty in 1997, was barred by the doctrine of collateral estop-pel.[3]
As for Peterson’s collateral-estop-pel argument, that argument was addressed and rejected by this Court in State v. Peterson, supra. Although in his brief on appeal Peterson challenges this Court’s holding that the doctrine of collateral es-toppel does not bar his prosecution for burglary, this appeal is not the proper avenue to challenge this Court’s previous holding. Peterson should have filed an application for rehearing with this Court after we issued our opinion in State v. Peterson, supra, and then sought certiorari review of our decision in the Alabama Supreme Court. He failed to do so, and we will not revisit this argument again.
As for Peterson’s remaining arguments — denial of his right to a speedy trial, vindictive prosecution, and statute-of-limitations bar[4] — in the case of Peterson’s codefendant, Murray, we recently issued an opinion remanding Murray’s case for the trial court to conduct an evidentia-ry hearing and to issue specific written findings of fact regarding similar motions to dismiss filed by Murray. See Murray v. State, 12 So.3d 150 (Ala.Crim.App. 2007). In that opinion, this Court noted that, although we had initially characterized the August 18, 2004, proceeding as an evidentiary hearing on Murray’s motions to dismiss, that proceeding was actually a pretrial status/motion conference, and no evidence was, in fact, taken at that conference regarding Murray’s motions to dismiss. As noted above, the August 18, 2004, proceeding was consolidated with that of Peterson; thus, Peterson likewise did not receive an evidentiary hearing on his motions to dismiss. In addition, the record here, like the record in Murray’s case, is not sufficient to address Peterson’s claims.
Accordingly, based on this Court’s opinion in Murray v. State, 12 So.3d 150 (Ala. Crim.App.2007), we remand this case for *159 the trial court to conduct an evidentiary hearing on Peterson’s motions to dismiss the indictment on the grounds (1) that he was denied his right to a speedy trial, (2) that the State is engaged in vindictive prosecution, and (3) that the burglary prosecution is barred by the statute of limitations, and to issue specific written findings of fact regarding those motions. Due return shall be filed with this Court within 70 days of the date of this opinion. The return to remand shall include the trial court’s written findings of fact, a transcript of the evidentiary hearing, and any documentary or other evidence received or relied on by the court.
REMANDED WITH DIRECTIONS*
McMILLAN, WISE, and WELCH, JJ., concur. BASCHAB, P.J., and SHAW, J., dissent, without opinion.

. Each count of the indictment charged an alternative method of proving second-degree burglary under § 13A-7-6, Ala.Code 1975. Count I charged a violation of § 13A-7-6(a)(1); Count II charged a violation of § Í3A-7-6(a)(2); and Count III charged a violation of § 13A-7-6(a)(3). Counts II and III were nol-prossed when Peterson pleaded guilty to Count I.

. This proceeding was consolidated with that of Peterson’s codefendant, Karys Murray.

. As noted in State v. Peterson, supra, although Peterson did not raise his collateral-estoppel argument in his written motions to dismiss, he did make the argument to the trial court at the August 18, 2004, proceeding.

. The State argues in its brief that Peterson is 1 judicially estopped from pursuing his vindictive-prosecution and statute-of-limitations arguments because in the previous appeal in State v. Peterson, supra, Peterson conceded in his brief that these arguments were meritless. However,
“for judicial estoppel to apply (1) ‘a party’s later position must be “clearly inconsistent” with its earlier position'; (2) the party must have been successful in the prior proceeding so that ‘judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or second court was misled” ' ...; and (3) the party seeking to assert an inconsistent position must ‘derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.’ ”
Ex parte First Alabama Bank, 883 So.2d 1236, 1244 (Ala.2003) (emphasis added). In this case, Peterson did not even receive a ruling, either from the trial court or from this Court, regarding his vindictive-prosecution and statute-of-limitations arguments and, thus, he was clearly not “successful in the prior proceeding.”

 Note from the reporter of decisions: On May 21, 2007, the Court of Criminal Appeals dismissed the appeal on Peterson's motion.